# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY NAVINSKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 16-1127-JWL |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the Administrative Law Judge (ALJ) did not apply the correct legal standard in weighing the medical opinions of the state agency non-examining physicians, the court ORDERS that the decision shall be REVERSED and

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I. Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning January 15, 2012. (R. 11, 176, 180). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the Administrative Law Judge (ALJ) erred in failing to weigh or otherwise discuss the medical opinions of the state agency non-examining psychologists, Dr. Cohen and Dr. Blum.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to weigh the medical opinions of Dr. Cohen and Dr. Blum, and thereby failed to resolve the ambiguities regarding Plaintiff's mental capabilities for work.

## II.     Discussion

The parties agree that the ALJ erred in failing to specifically discuss and weigh the medical opinions of Dr. Cohen and Dr. Blum. (Pl. Br. 12-13 & n.1) (Comm'r Br. 6-7). Plaintiff acknowledges that the real question for the court is whether the error is harmless. (Pl. Br. 12). He points out that both psychologists opined that Plaintiff "would likely have difficulty with . . . work requiring sustained attention over long periods of time," id. at 13 (quoting R. 75, 94), and that Plaintiff would need work that requires less than

4

frequent contact with the public. Id. at 15 (citing R. 75, 94). He argues that the error in failing to discuss the inability to maintain sustained attention over long periods of time is not harmless because although the Program Operations Manual System (POMS) explains that most jobs require the ability to maintain "attention for extended periods" involving the general two-hour period between breaks, the psychologists used a different term, "attention over long periods of time," did not define the term, and the ALJ did not resolve the ambiguity between the use of the different terms, so a reader of the decision or a reviewing court is unable to know with certainty whether the limitation opined by the psychologists is the same as, more liberal, or more restrictive than the usual requirement for most simple work. (Pl. Br. 13-14). He argues that the failure to discuss the restriction from frequent contact with the general public is also not harmless because the ALJ did not assess any restriction in social contact, and although he accorded minimal weight to Dr. Seibert's opinion that Plaintiff was <u>extremely limited</u> in the ability to interact appropriately with the general public, he did not even mention Dr. Cohen's and Dr. Blum's opinions regarding <u>moderate</u> limitation in this ability and restriction from only <u>frequent</u> contact with the general public.

The Commissioner argues that the error is harmless, in the first place, because "the ALJ's findings largely tracked Drs. Cohen and Blum's findings . . . and there is no meaningful conflict between their opinions, the RFC assessed by the ALJ, and the unskilled jobs identified by the vocational expert." (Comm'r Br. 7). She argues that although "a claimant must be able to 'maintain attention for extended periods of 2-hour

5

segments,' . . . 'concentration is not critical,'" there is increased need for concentration and persistence in semi-skilled and skilled work, so the ALJ's limitation to unskilled jobs "can sufficiently account for a claimant's moderate concentration difficulties." Id. at 8 (citing POMS DI 25020.010(B)(3)(d) and (4)(b)).  She argues that although the psychologists found difficulties in sustaining concentration for "long periods of time," they found Plaintiff could performs jobs involving simple tasks in settings with low social demands, which limitations are satisfied by the representative jobs the ALJ accepted. Id. at 10.  Finally, she argues that even if the limitations opined by Dr. Cohen and Dr. Blum are greater than those assessed by the ALJ, the record evidence will not support such greater limitations.  Id. at 10-12.

### A.    Analysis

The court agrees with Plaintiff.  The decision at issue contains no mention whatsoever of Dr. Cohen or Dr. Blum or of their opinions.  The closest it comes to discussing their opinions is in finding at step two of the evaluation that Plaintiff has moderate difficulties in maintaining concentration, persistence, or pace, and that "[t]he evidence indicates that he has moderate limitations in his ability to maintain attention and concentration for extended periods and in his ability to carry out detailed instructions." (R. 14) (citing Exs. 3A, 7A) (documents containing Dr. Cohen's opinion, Ex. 3A (R. 53-55, 59-61), and Dr. Blum's opinion, Ex. 7A (R. 87-89, 93-94)).  But, as the ALJ specifically noted, the step two findings which result from applying the Commissioner's Psychiatric Review Technique are not an RFC assessment, but are merely used to rate the

6

severity of mental impairments at steps two and three of the sequential evaluation process. (R. 15). Moreover, in the same documents cited by the ALJ, Dr. Cohen and Dr. Blum found that Plaintiff also has moderate difficulties in maintaining social functioning. (R. 54, 88). But, in his step two analysis the ALJ found that Plaintiff has only <u>mild</u> difficulties in social functioning, and did not acknowledge the psychologists' contrary opinion, there or elsewhere in the decision. This failure produced an ambiguity in the decision which was never resolved. Further, as Plaintiff points out in his Brief, the ALJ specifically accorded only minimal weight to Dr. Seibert's opinion regarding an extreme limitation in Plaintiff's ability to interact appropriately with the general public and did not provide any discussion of the ALJ's step two findings, or of Dr. Cohen's or Dr. Blum's step two findings or RFC assessments. This fact multiplied the ambiguities in the decision. An ALJ's decision must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Social Security Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2016). That did not occur here, and it is error requiring remand.

The Commissioner's arguments of harmless error do not require a different result. Contrary to the Commissioner's argument that the decision "largely tracked Drs. Cohen and Blum's findings" (Comm'r Br. 7), as discussed above, the ALJ did not acknowledge the psychologists' opinion that Plaintiff needed jobs not requiring frequent contact with the general public, and did not include such a limitation in the RFC assessed. The Commissioner's argument that although "a claimant must be able to 'maintain attention

for extended periods of 2-hour segments,' . . . 'concentration is not critical'" (Comm'r Br. 8), ignores that the Plaintiff does not argue that concentration is critical, but that the ALJ did not resolve the ambiguity regarding <u>attention</u>--whether the limitation opined by the psychologists is the same as, more liberal, or more restrictive than the usual requirement of an ability to concentrate for two-hour periods.  The Commissioner's final argument--that even if the limitations opined by Dr. Cohen and Dr. Blum are greater than those assessed by the ALJ, the record evidence will not support greater limitations--simply asks the court to weigh the evidence and supply a factual finding not made by the ALJ.  Such post-hoc rationalization is prohibited.  <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005).

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 10th day of April 2017, at Kansas City, Kansas.

<u>s:/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**